**UNITED STATES of America,**

v.

**Russell A. HARDING, Defendant.**

**No. 03 CRIM. 0316(LAK).**

United States District Court,
S.D. New York.

Oct. 8, 2003.

Deborah E. Landis, Daniel A. Braun, Assistant United States Attorneys, James B. Comey, United States Attorney, Gerald L. Shargel, Henry E. Mazurek, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendant, former president of the New York City Housing Development Corporation ("HDC"), is charged with fraud perpetrated on HDC as well as offenses relating to child pornography. Earlier in this matter, he served a notice under Fed.R.Crim.P. 12.2, which stated in substance that he intended to offer evidence of a mental condition which, he claims, is relevant to his capacity to form the specific intent to further the purposes of the conspiracy to defraud HDC that is charged in Counts One through 4 of the Indictment. In addition, he moved *in limine* for a determination that testimony of three expert witnesses on this point may be admitted at trial.

On application of the government, the Court ordered Harding to submit to an examination by the government's expert pursuant to 18 U.S.C. § 4242 and Fed.R.Crim.P. 12.2(c)(1)(B). It denied Harding's *in limine* motion without prejudice.

Harding duly appeared for examination by the government's psychiatrist. He refused,

however, to answer any questions concerning specific instances of alleged fraudulent conduct, relying on his Fifth Amendment privilege against self-incrimination. The government now moves to preclude Harding's proposed expert testimony under Fed.R.Crim.P. 12.2(d). Harding rejoins that the privilege is waived "**only** when it is necessary ... to rebut evidence introduced by the defendant at trial regarding his mental condition as it relates to the specific charged offense conduct."[1] He contends, therefore, that the government may not now have its psychiatrist examine Harding with respect to specific instances of conduct. Harding's position is entirely without merit.

Fed.R.Crim.P. 12.2(c)(1)(B) provides that the Court may order a psychiatric examination once a defendant serves a notice under Rule 12.2(b), as Harding has done here. Rule 12.2(d) goes on to provide in relevant part that "[i]f the defendant ... does not submit to an examination when ordered under Rule 12.2(c), the court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt ..."

This scheme makes abundant good sense. It is the government's burden to prove the defendant's guilt beyond a reasonable doubt. Where, as here, the defendant intends to offer evidence of a mental condition said to be inconsistent with his having formed the requisite intent, the government must have the means to challenge the defendant's assertions. Delaying that examination until the middle of a criminal trial would make little practical sense, as it almost certainly would require a substantial continuance during the course of the defendant's case.[2] Rule 12.2 implicitly recognizes that fairness virtually requires that the government have an oppor-

tunity to have the defendant examined by appropriate experts in order that it may prepare properly for trial-just as it recognizes that no thing the defendant says to those experts may be used by the government at trial until after the defendant has introduced evidence of his mental condition.

Defendant's Fifth Amendment argument is quite unpersuasive. A defendant who puts his or her mental condition in issue and offers expert testimony to that end is estopped to deprive the government of a like examination, the Fifth Amendment notwithstanding.[3] Having placed his mental condition in issue by service of his Rule 12.2 notice, Harding will not be permitted to thwart the government's effort to achieve "rough parity in terms of access to the information that would allow the government's experts to arrive at competing conclusions."[4]

Harding's contention that the Fifth Amendment forecloses such an examination unless and until he actually offers opinion evidence at trial is no more convincing. The theory presumably is that the estoppel raised against Harding under *Baird* takes effect only upon his offer in evidence of his own expert testimony. Prior to that moment, he still is fully protected by the Fifth Amendment and cannot be compelled to talk to the government's psychiatrist.

The Court assumes, without deciding, that Harding's premise is correct, viz. that he is protected by the Fifth Amendment until he offers his own expert testimony notwithstanding his service of a Rule 12.2 notice. But the conclusion he would draw does not follow. The Fifth Amendment prevents the state from forcing him "in any criminal case to be a witness against himself ..." Compelling Harding to submit to a pretrial psychiatric examination, however, is not tantamount

1. Letter, Henry E. Mazurek, Esq., Sept. 9, 2003, at 2 (emphasis in original).

2. As the Advisory Committee Notes indicate, one purpose of Rule 12.2(b)'s pretrial notice requirement is to avoid the need for such continuances.

3. *See, e.g., United States v. Baird*, 414 F.2d 700, 707–08 (2d Cir.1969), *cert. denied*, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970) (government psychiatric examination of defendant once the defendant puts in evidence opinion testimony of

his expert "does not infringe the defendant's right against self-incrimination"). In some cases the testimony of the government expert has been limited to exclude defendant's statements relating to his guilt or innocence. *See United States v. Weiser*, 428 F.2d 932, 936 (2d Cir.1969) (citing *Baird*, 414 F.2d at 710).

4. *United States v. McSherry*, 226 F.3d 153, 157 (2d Cir.2000).

to requiring him to give evidence against himself in a criminal case.

Rule 12.2(c)(4) provides in relevant part:

"No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:

"(A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1) . . ."

Thus, the rule prohibits use against Harding of any fruits of the government's psychiatric examination "except on an issue regarding mental condition on which [he] . . . has introduced . . . evidence requiring notice under Rule 12.2(a) or (b)(1)." The situation parallels that of an immunity order. The compulsion of testimony under an order of use immunity is consistent with the privilege against self-incrimination because the statute prohibits the use of that testimony against the witness[5] unless the witness waives the privilege. Likewise, the compulsion of statements by an order to submit to a psychiatric examination is unobjectionable on Fifth Amendment grounds in light of Rule 12.2(c)(4)'s parallel protection.

Harding's refusal to answer questions put to him by the government's psychiatrist constituted a refusal to submit to examination. Accordingly, Harding is precluded from offering at trial any expert evidence on the issue of his mental condition unless (i) he submits to examination by the government's chosen experts at the times and places they may direct and answers all questions put to him, and (ii) such examinations are completed no later than three weeks prior to the commencement of the trial. This order is made pursuant to Fed.R.Crim.P. 12.2(d) and the Court's inherent power to supervise proceedings in criminal cases.[6]

SO ORDERED.

---

**5.** *E.g., Kastigar v. United States,* 406 U.S. 441, 448, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)

**6.** *See McSherry,* 226 F.3d at 156–57.